[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff has filed three appeals from decisions of the Guilford Inland Wetlands Commission. The first appeal is from a denial of the plaintiff's application to perform work on the property. The second appeal relates to a decision to uphold a cease and desist order. The third appeal is an application similar to the first which contains more extensive information.
The plaintiff is the owner of a farm operation located at 5051 Durham Road in the Town of Guilford. The plaintiff operates a stand on Durham CT Page 8416 Road for the purpose of selling farm produce. Because of traffic problems the plaintiff has proposed to move the farm stand and to create a parking area off of Durham Road. He also has proposed creating an access road from an existing upland farming area to the relocated stand to move the produce directly to the farm stand.
The plaintiff's property is approximately 10.83 acres. The farm stand has been at its present location for 38 years. The proposed area for the relocated stand and the access road are located in wetlands, with a watercourse passing through the wetlands. The watercourse begins in the upper locations and travels to a culvert under Durham Road, and it then flows into the Coginchaug River.
The plaintiff in the first application estimated that the proposed work might result in the alteration of a half acre of wetlands, and the existing watercourses. He had proposed to relocate the watercourse, and to fill-in some wetlands in the crop land field, and an area behind the existing house. The Commission denied the first application for the following reasons.
 5. There are alternatives to the proposed action that have less impact on the wetlands.
 a. There is a farm road north of the house that gives access to the same area that would be served by the proposed new road through the wetlands.
 b. The farm stand and parking could be located as to require less filling of the wetlands.
 2. The proposed activity would completely fill in and eliminate approximately one-half acre of wetland area. This area serves important wetland functions.
The second application filed by the plaintiff on or about June 14, 1999 requested an agricultural exemption under the Inland Wetland Act for essentially the same activities. At the hearing on this application on August 11, 1999 the Commission considered the aspects of the agricultural exemption. At subsequent meetings the Commission considered both written and oral testimony regarding the impact on wetlands in the area of the proposed work. The Commission then voted to deny the plaintiff's claim that he could fill wetlands and the watercourses as of right, and it voted as follows:
 1. The area which the applicant proposes to fill for CT Page 8417 road construction consists primarily of wetlands as defined in Connecticut General Statute § 22a-29
(2). The applicant claims that as a matter of right he is entitled to fill the area in question as there is no evidence that the wetland has a continual flow of water. The Commission interprets the relevant authority to mean that it does not matter if a wetland has a continual flow of water or not. Because the proposed activity involves filling or reclamation of the wetland, a permit is required even if the road construction is related to a farming activity.
 2. The applicant proposes to fill a watercourse as defined in § 22a-38 (16) of the Connecticut General Statutes. This watercourse is located within the wetland described above. The applicant claims this activity as a matter of right related to a farming operation. It is incumbent upon the applicant to show by sufficient evidence that he is entitled to the exemption. It is the unanimous opinion of the Commission that the applicant has not presented sufficient evidence to show that the watercourse under consideration is not in fact a watercourse with continual flow. The proposed activity is therefore not a permitted operation or use as defined in Connecticut General Statutes § 22a-40 (1).
After the second application was filed, but before a decision was rendered by the Commission the plaintiff had deposited fill and gravel in the wetland area in front of his property. On or about August 25, 1999 a Cease and Desist Order was issued to require a removal of the fill. The plaintiff appealed to the Inland Wetland Commission. After a hearing on September 2, 1999 the Commission voted to uphold the Cease and Desist Order which required the area to be restored to its original condition.
The plaintiff contends the Guilford Inland Wetland Commission failed to interpret C.G.S. § 22a-40 correctly regarding the proposed activity. He claims the plaintiff's applications related to farming activities which were not a regulated activity, but were permitted as a matter of right. The evidence submitted at the hearing on the second application did establish the property was being operated as a farm. The proposed road and farm stand related to the farming operation, and the relocation of the stand to a safer location for the sale of farm produce would accommodate an expected increase in the farm operation. The plaintiff CT Page 8418 disputes the contention of the Commission that a permit is required because it involves filling of the wetland even if it is related to a farming activity. The plaintiff also claims that the provision of C.G.S. § 22a-38 (13) relating to any activity in a wetland or watercourse is not a "Regulated Activity" because of the exception provided for in C.G.S. § 22a-40, and therefore a road may be constructed if it is directly related to the farming operation.
The defendant Guilford Inland Wetlands Commission contends the proposed farm stand would be located in a wetlands system which has a watercourse passing through the wetlands. The Commission also claims the proposed fill for road construction consists primarily of wetland as defined by C.G.S. § 22a-29 (2). The Commission then concludes that the proposed activity involves filling or reclamation of the wetland which requires a permit even if the road construction is related to a farming activity. It also finds that there is a watercourse within the wetlands and the plaintiff failed to present sufficient evidence to show the watercourse is not in fact a watercourse with continual flow.
The defendant Commissioner of Environmental Protection was served with this appeal pursuant to C.G.S. § 22a-43 (a). The Commissioner's participation related to its interest in protecting wetlands and watercourses in the state, and its interpretation of relevant statutes and regulations.
It is the Commissioner's opinion that the plaintiff's application for the proposed work was not permitted "As of Right" pursuant to C.G.S. § 22a-40, and the proposed construction was a regulated activity requiring a permit. He further claims the filling or reclamation of watercourses with a continual flow in connection with agricultural activities is a regulated activity, and not an exempt activity. The same opinion applies to road construction located within a wetlands which also requires an application for a permit.
The disputed issues between the parties relate to the interpretation or application of Connecticut General Statutes § 22a-40 which provides in relevant part as follows:
 (a) The following operations and uses shall be permitted in wetlands and watercourses, as of right:
 (1) Grazing, farming, nurseries, gardening and harvesting of crops and farm ponds of three acres or less essential to the farming operation, and activities conducted by, or under the authority of, the Department of Environmental Protection for the purposes of wetland CT Page 8419 or watercourse restoration or enhancement or mosquito control. The provisions of this subdivision shall not be construed to include
 road construction or the erection of buildings not directly related to the farming operation,
relocation of watercourses with continual flow,
 filling or reclamation of wetlands or watercourses with continual flow,
 clear cutting of timber except for the expansion of agricultural crop land,
 the mining of top soil, peat, sand, gravel or similar material from wetlands or watercourses for the purposes of sale.
In reviewing a decision by a wetland agency, if the record supports any one of the reasons given, then the decision must be sustained. Samperiv. Inland Wetlands Agency, 226 Conn. 579, 587-88. The burden rests upon the plaintiff to establish that the record does not support the action of the agency. Red Hill Coalition v. Conservation Commission, 212 Conn. 710,718. In evaluating whether the conclusions reached are supported by application of the substantial evidence standard, the determination of fact is a matter within the province of the wetland agency. Huck v.Inland Wetlands Watercourses Agency, 203 Conn. 525, 542.
A regulated activity conducted upon any inland wetland or watercourse requires a permit C.G.S. § 22a-42a(c). "Regulated activity" is defined by the Wetlands Act to exclude the activities referenced in C.G.S. § 22a-40. The exceptions referred to in the statute must be strictly construed so as not to extend the language beyond the evident intent of the statute. Kulis v. Moll, 172 Conn. 104, 110.
C.G.S. § 22a-40 permits farming and harvesting of crops in wetlands and watercourses but it specifically prohibits ". . . filling or reclamation of wetlands or watercourses with continual flow. . . ." The plaintiff contends he has a right to fill the wetlands because it does not have a continual flow. In the case of Ruotolo v. Inland WetlandAgency of Madison, 18 Conn. App. 440, 450 the court found the plaintiff was reclaiming wetlands which required a permit, and it then stated that the relocation of a watercourse would also require a permit depending on whether it is a watercourse with continual flow. The effect of this decision was that the court found the phrase "with continual flow" CT Page 8420 modified only watercourses and not wetlands. In interpreting this provision of the statute it is significant to note the legislature used the word "or" rather than "and" which distinguished the act of filling or reclaiming wetlands from the act of filling or reclaiming watercourses with a continual flow. When two construction are possible courts will adopt the one which makes the statute effective and workable. Maciejewskiv. West Hartford, 194 Conn. 139, 151-52.
The definition of wetlands as land designated by soil types is in accord with the purpose of the 1987 amendment which sets forth the legislative policy that wetlands are not allowed "as of right" to be filled or reclaimed. It appears the agricultural exemption was never intended to permit the filling of wetlands "as of right" regardless of whether it does or does not have a "continual flow." The phrase "with continual flow" can only refer to watercourses, and not to wetlands. Therefore this court concludes the filling of the wetlands would be a "regulated activity" which would require a permit, and it would not be exempt under the provisions of C.G.S. § 22a-40. The defendant Commission was supported by the record that the filling of the wetlands for road construction consisted primarily of wetlands as defined by C.G.S. § 22a-29 (2).
The second reason given by the Commission for denying the application related to the plaintiff's proposal to fill a watercourse located within the wetlands area. The plaintiff claims the Commission was wrong in concluding the applicant failed to prove the watercourse did not have a continual flow. The plaintiff also contends his expert David Lord, in a letter, concluded there was no continual flow of the watercourse within the wetlands, and therefore, pursuant to C.G.S. § 22a-40, he was exempt from the requirement of a permit.
C.G.S. § 22a-40 does not permit "as of right" the filling or reclamation of watercourses with continual flow. The record before the Commission defines continual flow as "a flow of water which persists for an extended period of time; flow may be interrupted during periods of drought or during the low flow period of the annual hydrological cycle, June through September, but it recurs in prolonged succession." The record includes letters from neighbors stating they observed continuous flow of the stream for many years except during period of drought. The long term flow characteristics of the stream were considered based upon the field observations of the Commission members, as well as a U.S. Geological Survey Map and a DEP Water Classification Map. The Commission's conclusions as to continuous flow was supported by the application of the substantial evidence standard and therefore this court must defer to the assessment of the credibility of the witnesses and the experts. Woodbury v. Conservation Commission, 37 Conn. App. 166, 172. The CT Page 8421 record therefore fails to support the plaintiff's contention that the stream lacked continuous flow.
The decision of the Commission on the second application filed on or about June 14, 1999 must be sustained because the record discloses evidence that support the reasons given. This conclusion would therefore sustain the actions of the Commission in its action on the first application filed on or about February 4, 1999, as well as its decision in upholding the cease and desist order.
For the foregoing reasons the appeals filed by the plaintiff are dismissed, and judgment shall enter in favor of the defendants on each appeal.
 Howard F. Zoarski Judge Trial Referee